UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURK N. ASHFORD,<br><br>            Plaintiff,<br><br>      v.<br><br>ALEX PADILLA,<br><br>            Defendant. | No.  2:15-cv-0714 CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  On April 9, 2015, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a).  The court found service of process appropriate for defendant Padilla with respect to plaintiff's claim for injunctive relief arising under the Due Process Clause of the Fourteenth Amendment.  Defendant Padilla has filed a motion to dismiss.  Plaintiff has filed a motion for summary judgment.  Both parties have consented to have all matters in this action before a United States Magistrate Judge.  See 28 U.S.C.§ 636(c).

In his complaint, plaintiff alleges that, in the past, he has applied for, and received trademark protection from the State of California for the phrase "California Sun" as a moniker for suntan lotion. Plaintiff applied for renewal of his trademark in 2015 with the California Secretary of State.  However, plaintiff's application for renewal was rejected because he did not provide an "original specimen that shows how the mark is currently used" as required by California Law.

On or about February 26, 2015, plaintiff re-submitted his application and it was rejected for the same reason.

Plaintiff asserts the rejection of his trademark application amounts to a denial of due process in violation of the Fourteenth Amendment.  Essentially, he asserts he cannot supply an "original specimen" regarding the use of his trademark to the California Secretary of State because he is in prison and does not have access to any of his suntan lotion products.  He claims that the manner in which he described his trademark usage in his application and his previous filings should be sufficient to satisfy the requirement that he provide an original specimen.

Plaintiff asks that the court require defendant, the current Secretary of State for the State of California, to issue to him the trademark protection he requests.

Defendant moves for dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Defendant does not dispute any of the facts put forth by plaintiff and argues that dismissal is appropriate because "the denial of a facially defective trademark application does not offend the Due Process Clause."  Defendant is correct.  Under the Fourteenth Amendment, a person cannot be deprived of property without due process.  Here, plaintiff was not deprived of property, he was denied trademark registration under California law.  Because plaintiff was not deprived of property, plaintiff is not entitled to due process protection.  See In re Int'l Flavors & Fragrances Inc., 183 F.3d 1361, 1366 (Fed. Cir. 1999) (trademark registration, as opposed to the underlying trademark, is not "property" protected by Due Process Clause).

Defendant is correct that to the extent plaintiff claims that he complied with the "original specimen" rule by either drawing pictures of the use of his trademark, or by referring to previous applications, such a claim would arise under California law and not the Due Process Clause.  The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  However, when all federal claims have been dismissed before trial, the interests promoted by

supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state law claims. <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988). Since there are no viable federal claims in this action, the court declines to take jurisdiction over any claims arising under California law.

For all of these reasons, defendant's motion to dismiss will be granted, plaintiff's motion for summary judgment will be denied, and this case will be closed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 15) is granted;
2. Plaintiff's motion for summary judgment (ECF No. 20) is denied; and
3. This case is closed.

Dated:  October 27, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ashf0714.57